363 A.2d 1249
**COMMONWEALTH of Pennsylvania**
v.
**George W. BROWN, Appellant.**

Superior Court of Pennsylvania.
Submitted March 1, 1976.
Decided Sept. 27, 1976.

---

■■■■■■■■■■■■■■■■■■■

Steven Foldes, Harrisburg, for appellant.

Marion E. MacIntyre, 2nd Asst. Dist. Atty., Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On September 16, 1974, appellant George Walter Brown pleaded guilty to three charges of robbery. The lower court accepted the guilty pleas and sentenced appellant to pay costs and seventy-five dollars in fines, to make restitution in the amount of one hundred dollars, and to serve three concurrent terms of five to fifteen years imprisonment. No direct appeal was taken; however, appellant filed a petition on December 10, 1974 under the Post Conviction Hearing Act,[1] alleging that he had been denied the right to representation by competent counsel, that his guilty pleas had been unlawfully induced, and that a right guaranteed him by the Constitution or laws of this state had been abridged. The lower court, by Order dated January 8, 1975, denied appellant's petition without a hearing. Appellant then took this appeal to our Court, alleging that he had been ineffectively represented by counsel in that no appeal had been taken to challenge (1) the effectiveness of his waiver of the right to trial by jury, (2) the validity of his guilty plea. The matter is properly framed for disposition under the Post Conviction Hearing Act; the question which we must answer is

1. Act of January 25, 1966, P.L. (1965) 1580, § 9, effective March 1, 1966, 19 P.S. § 1180–9.

whether the lower court properly denied appellant a hearing on his petition.

█ Appellant argues that he did not knowingly and voluntarily waive his constitutional right to a jury trial; specifically, he alleges that he was not advised that he had a right to participate in selecting a jury of his peers, and that the lower court did not obtain from him the written waiver required by Rule 1101 of the Pennsylvania Rules of Criminal Procedure. The transcript of the guilty plea colloquy clearly reveals that appellant was properly advised of his rights:

"Q. Do you understand that if you plead not guilty you would have a right to a jury trial, wherein twelve individuals from the community of Dauphin County would be selected, they would listen to the evidence the Commonwealth presents, they would listen to any evidence you would wish to present in your own defense, and they would determine your innocence or guilt, do you understand that?

"A. Yes.

"Q. Do you understand that if you elected to have a trial by jury you could assist your attorney, Mr. Zerbe, in selecting which 12 jurors from a panel of prospective jurors would be selected to listen to the case, and they would determine your innocence or guilt, do you understand that?

"A. Yes, sir.

"Q. Do you understand that before a jury could find you guilty, all 12 jurors must unanimously agree that you are in fact guilty, do you understand that?

"A. Yes."

In addition to erroneously stating that he had not been advised of his jury trial rights, appellant mistakenly relies on Rule 1101. Rule 1101 states:

"In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval

by a judge of the court in which the case is pending, *and elect to be tried by a judge without a jury. . . .*"
[Emphasis added].

It is clear that this rule was intended to apply when a defendant pleads *not guilty* and desires to be tried by a judge sitting without a jury. Although § 1180–9 of the Post Conviction Hearing Act states that "[i]f a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing . . .," the Act further specifies that "the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." Appellant's argument that his counsel was ineffective for failing to challenge on appeal the validity of his waiver of the right to a jury trial, is a classic example of a frivolous issue; the lower court was well justified in refusing to entertain appellant's argument.

██ Appellant further argues that he was ineffectively represented by counsel because his trial counsel allegedly pursuaded him to plead guilty by promising appellant that he would receive a sentence of only three to seven years. When a defendant has pleaded guilty to a charge, it will be presumed that he was aware of what he was doing, and the burden will be upon him to prove otherwise. *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa. 81, 85, 202 A.2d 299 (1964), *cert. denied*, 379 U.S. 976, 85 S.Ct. 677, 13 L.Ed.2d 567 (1965); see *Commonwealth ex rel. Kern v. Maroney*, 423 Pa. 369, 223 A.2d 706 (1966). In the case before us, an extensive colloquy was conducted. A factual basis for the pleas was established, and appellant was questioned by the prosecuting attorney, by his own counsel, and by the court:

"Q. Now, I have indicated for the record that Mr. Zerbe and I have reached upon an agreement that if you plead guilty to these three charges, that the Com-

monwealth would not make any recommendation as to sentence, but would stand mute, and allow the Court, without any recommendation from the District Attorney's office, to sentence you, do you understand that?

"A.   Yes.

"Q.   Have any other promises besides that been made to you?

"A.   No.

"Q.   With respect also, that the Commonwealth would recommend that the sentence imposed by the Court, whatever that sentence might be, would run concurrent with any sentences you are serving now?

"A.   Yes.

"THE COURT: Did you make that agreement?

"MR. FRESE: I made that agreement.   Your Honor, with respect to these charges, the defendant has been in jail since I believe the 6th of March without bail, and will have to get credit for the time any way, and the Commonwealth would ask that the sentence the Court gives, runs from the date of incarceration, which I would give to the Court.   Which would be concurrent to any sentence you are serving anywhere else, do you understand that?

"DEFENDANT GEORGE WALTER BROWN: Yes.
"BY MR. FRESE:

"Q.   Have you fully discussed these charges with your attorney, Mr. Zerbe?

"A.   Yes.

"Q.   Are you satisfied that he represent you in this matter?

"A.   Yes.

"Q.   Have you had an opportunity to discuss the various defenses you might be able to use in these cases, what your defenses could be?

"A.   I don't quite understand that.

"Q. Have you discussed the facts of the case with your attorney, Mr. Zerbe?

"A. Yes.

"BY MR. ZERBE:

"Q. And have we discussed how we would try the case?

"A. Yes.

"BY MR. FRESE:

"Q. How do you wish to plead to these charges, the three robberies?

"A. Guilty.

"Q. You wish to plead guilty. Now, do you understand by pleading guilty to the three of these, you are admitting that you took part in these three robberies, that you took an active part, you were armed at the time, and that you ended up with money arising from these circumstances?

"A. Yes.

"Q. Do you have any questions concerning your rights or the facts in any of these cases?

"A. No.

"BY THE COURT:

"Q. Are you satisfied with Mr. Zerbe as your attorney?

"A. Yes.

"BY MR. FRESE:

"Q. Do you understand that even though the Commonwealth has entered into this plea bargain, where we would stand mute, the Court could still sentence you to the maximum sentence imposed by law, the Court does not have to take into consideration any bargain between the District Attorney's office and you, the Court is free to sentence as it sees fit, under the facts in this case, do you understand that?

"A. Yes.

"Q. And it is your desire to plead guilty to these three charges?

"A. Yes.

"MR. FRESE: Will the Court accept the pleas?

"THE COURT: Yes, we'll accept them."

Appellant was specifically questioned about any promises that might have been made to him, and appellant indicated that the only promise made to him was that the Commonwealth would make no recommendation as to length of sentence, but would recommend that the sentence or sentences imposed run concurrent with other sentences being served by appellant. (There is no contention that the Commonwealth did not keep this promise). Appellant also indicated on the record that he had discussed his case with trial counsel, and that he was satisfied with his representation. The colloquy notwithstanding, appellant now argues that both his own attorney and the prosecuting attorney promised him a sentence of only three to seven years. In *Commonwealth v. Welch*, 425 Pa. 591, 229 A.2d 737 (1967), an appellant who had been found guilty of murder alleged that his trial counsel had assured him that his guilty plea would be construed only as an admission of manslaughter. No direct appeal had been taken in the case, and the appellant filed a PCHA petition, which petition was denied by the lower court without a hearing. Our Supreme Court affirmed the refusal to grant a hearing, stating that the allegations were refuted by the record. We believe that a similar disposition is warranted in the case before us.

A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We can not permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel. Appellant probably hoped and possibly expected to receive

concurrent sentences of only three to seven years, but, as has often been stated, disappointed expectations alone do not vitiate guilty pleas. *Commonwealth v. Sanutti,* 454 Pa. 344, 347, 312 A.2d 42 (1973). Trial counsel is not required to raise issues on appeal which are obviously without merit, *Commonwealth v. Learn,* 233 Pa.Super. 288, 335 A.2d 417 (1975). The trial court in this particular case appropriately denied appellant a hearing on his PCHA petition.

The Order of the lower court dated January 8, 1975, is affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.