563 A.2d 1259

**COMMONWEALTH of Pennsylvania**

v.

**Aram CORTINO, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1989.

Filed Sept. 12, 1989.

Richard H. Pratt, Doylestown, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Com., appellee.

Before TAMILIA, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the order below denying appellant's petition to withdraw his pleas of guilt on separate sets of charges for possession of a controlled substance, 35 Pa.C.S.A. § 780–113, and possession of a controlled substance with intent to deliver, *id.* Appellant contends that he should be allowed to withdraw his guilty pleas because (1) they were unlawfully induced by ineffective acts of his trial counsel, and (2) his second plea was not entered voluntarily, knowingly or intelligently. For the reasons that follow, we disagree, and accordingly, affirm the order below.

On February 20, 1985, appellant entered a guilty plea before the Honorable William Hart Rufe, III, to charges of possession and possession with intent to deliver a controlled substance. Sentence was deferred pending a pre-sentence investigation. Pursuant to a plea bargain arrangement, on March 26, 1985, appellant entered a guilty plea before the Honorable Kenneth G. Biehn on charges of possession and possession with intent to deliver a controlled substance. Those charges were unrelated to those heard by Judge Rufe. On this date, after a colloquy, Judge Biehn imposed sentence on both sets of charges. The aggregate sentence was five-to-ten years imprisonment.

On April 8, 1985, appellant filed a motion to challenge his guilty pleas.[1] Judge Biehn having recused himself, the Honorable Isaac S. Garb presided over the hearing on

---

1. On April 8, 1985, an Order was entered denying appellant's motion for reconsideration of sentence on the first charges.

appellant's motion, which he then denied on May 31, 1985. Subsequently, appellant filed his *pro se* petition for relief under the Post Conviction Hearing Act ("PCHA").[2]  42 Pa.C.S.A. §§ 9541–9551 (repealed).  A hearing on the petition was held on January 5, 1989, before Judge Biehn. Trial counsel testified at the hearing, and relief was denied by Order dated January 27, 1989.  This appeal followed.

Appellant first contends that his counsel was ineffective because he induced appellant to plead guilty.  Specifically, appellant alleges that counsel was ineffective in "condoning or acquiescing in an agreement for [appellant] to accept culpability that did nothing to advance his client's interests but only served to advance a co-defendant's interest, to [appellant's] detriment."  Appellant's Brief at 8.  When confronted with a claim of ineffectiveness of counsel, a reviewing court must consider three factors:

> We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest.  If he did, our inquiry ends.  If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings.  *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

*Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

**2.**  The PCHA has been modified in part, repealed in part, and remained the Post Conviction Relief Act (PCRA) by the Act of April 13, 1988, 42 Pa.C.S.A. §§ 9541–9546.  The new provision applies to all actions for collateral relief filed on or after the effective date.  Because the instant petition was filed before the effective date of the PCRA, it must be evaluated under the former act.

██ Appellant in this case claims that trial counsel was ineffective because he recommended that appellant enter into a plea bargain arrangement by which appellant pleaded guilty and was sentenced to concurrent sentences of five to ten years. For purposes of this appeal we will assume, without deciding, that appellant's claim possesses arguable merit. A review of the PCHA hearing reveals, however, that counsel had a reasonable basis for recommending that appellant enter the plea.

Appellant had an extensive prior criminal record. Not only was he caught in the act of attempting to sell narcotics to an undercover officer in this case, but in a separate case he confessed to having committed similar crimes scarcely a month before. Standard sentencing guidelines would have placed him in the aggravated range and he could well have received consecutive sentences. Moreover, trial counsel testified that appellant gave him inconsistent accounts of the facts of the case, thereby making it difficult to prepare a coherent defense. Counsel also testified that, in light of the fact that the appellant was in possession of a key that opened a strongbox that contained drugs, it would be difficult to defend against the charge of constructive possession. In addition, counsel testified that he believed that appellant did not make a good impression on Judge Rufe. Finally, we note that the PCHA court specifically found counsel's testimony to be credible. Based upon these facts, we agree with the PCHA court that counsel had a reasonable basis for recommending that appellant accept the plea bargain.

Appellant also contends that "his plea was not voluntarily, knowingly or intelligently entered, and induced only by fear and confusion." Appellant's Brief at 8. Specifically, he claims that (a) trial counsel's belief that appellant would receive a harsh sentence in the case before Judge Rufe was a matter of pure conjecture, (b) the plea bargain entered into was nothing but an attempt to benefit a co-defendant at appellant's expense, (c) trial counsel's involvement in an agreement to help exonerate the co-defendant did nothing

but prejudice appellant and (d) appellant's answers during the colloquy were not knowing and voluntary answers, but simply those he believed were expected from him as a matter of form. The Commonwealth, on the other hand, contends that trial counsel acted reasonably in handling appellant's case and that the record indicates that appellant was in complete control of his faculties and understood the significance of the colloquy in which he entered the guilty plea.

Pa.R.Crim.P. 319 ("the Rule") states that:

(a) Pleas shall be taken in open court. A defendant may plead not guilty, guilty, or with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record. If the defendant shall refuse to plead, the court shall enter a plea of not guilty on the defendant's behalf.

(b) Plea agreements

(1) The trial judge shall not participate in the plea negotiations preceding an agreement.

(2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw the plea.

The Comment to the Rule states that, at a minimum, inquiry should be made into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until proven guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Thus, the Rule requires that the trial court be satisfied that the defendant understands the nature of the charges and the effect of the plea, and is willing to act on his understanding.

This Court has heard claims similar to the one at issue in this case, and based on the appellant's conduct during the colloquy, affirmed the denial of a petition to withdraw a guilty plea. In *Commonwealth v. Long*, 310 Pa.Super. 339, 456 A.2d 641 (1983), a full and complete colloquy had taken place. The trial court denied the appellant's motion to withdraw a guilty plea, reasoning that the court could assess for itself the appellant's mental state at the time of the colloquy, and at that time there was no indication that the plea was not freely and knowingly entered. *Id.*, 310 Pa.Superior Ct. at 346, 456 A.2d at 645. The court noted that "the record did not support his [the appellant's] position." *Id.* Moreover, in *Commonwealth v. Edrington*, 317 Pa.Super. 545, 464 A.2d 456 (1983), we specifically held that "a criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We can not permit a defendant to postpone the final disposition of his case by lying to the court." *Id.*, 317 Pa. at 552, 464 A.2d at 460 (quoting *Commonwealth v. Brown*, 242 Pa.Super. 240, 247, 363 A.2d 1249, 1253 (1976)).

Applying those standards to the case at bar, we are satisfied that appellant entered his plea voluntarily, knowingly and intelligently. Appellant alleges no deficiency in the form and content of the colloquy, and we find none. His responses during the colloquy show that the appellant

was attentive, coherent and responsive during the entire procedure. He was asked on two separate occasions whether or not he was under the influence of drugs or alcohol, and he stated that he was not. His responses to the other questions during the procedure were all appropriate. In short, the record indicates that appellant was well aware of the significance of the proceedings, and understood them fully. As we held in *Edrington* and *Brown*, appellant's assertion that he lied during the colloquy, merely giving those responses which he considered to be appropriate as a matter of form, cannot, by itself, act to postpone the final disposition of this case. We find appellant's claim to be meritless because, like the claim in *Edrington*, it is completely unsupported by the record.

For the foregoing reasons, we conclude the appellant's claims that his guilty pleas were unlawfully induced by ineffective acts of his trial counsel and were not entered into voluntarily, knowingly and intelligently are meritless. Accordingly, we affirm the order denying appellant's petition.

Order affirmed.