## Commonwealth v. Lukyanchikov

152

*Michelle Henry, district attorney,* for Commonwealth.

*Richard Fink,* for defendant.

GOLDBERG, *J.,* August 25, 2008—This case stems from incidents occurring in November 2005, wherein appellant confronted police officers with a shotgun and later head-butted an officer while in custody. Sergey Lukyanchikov (appellant) has appealed this court's denial of his amended petition for post-conviction collateral relief. Appellant's allegations of error generally revolve around ineffective assistance of counsel claims arising at his guilty plea hearing.

We file this opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## PROCEDURAL AND FACTUAL BACKGROUND

### *Procedural Background*

Appellant was originally charged separately for the shotgun incident and head-butting incident, both discussed in detail below. After a preliminary hearing on both incidents, two criminal informations were generated. Criminal information no. 2005-7637, which pertained to the shotgun incident, charged three counts of aggravated assault, four counts of simple assault, four counts of recklessly endangering another person, three counts of harassment, one count of criminal mischief, one count of disorderly conduct, and one count of public drunkenness. Criminal information no. 2005-7896, which pertained to the head-butting incident, charged aggravated assault under section 2702(a)(6) and simple assault.

154

Appellant subsequently filed a writ of habeas corpus seeking to discharge the aggravated assault charge on the head-butting incident. There, he argued that the police officers preliminary hearing testimony failed to establish a prima facie case because it was not established that the officer was placed in fear of serious bodily injury. On January 19, 2006, the Honorable Rea B. Boylan granted this motion and dismissed that charge. At that time, the Commonwealth informed appellant's counsel that they intended to amend the charges to include an aggravated assault charge under a different section of section 2702. (N.T. 2/27/06, pp. 3-4.)

On February 27, 2006, the scheduled trial date, the Commonwealth moved to amend Information no. 2005-7896 to charge aggravated assault under section 2702(a)(3), defined as intentionally or knowingly causing bodily injury to an officer. Appellant's counsel objected to this request, however, the Honorable John J. Rufe, the assigned trial judge, permitted the amendment, reasoning that appellant had been given notice of this proposed amendment over a month prior to the trial date. After allowing the amendment, Judge Rufe offered appellant a continuance, which appellant declined. Instead, appellant opted to proceed to a guilty plea hearing wherein he pled guilty to all counts under both informations.[1] At the conclusion of the plea hearing, Judge Rufe sentenced appellant to 15 to 30 months incarceration on Information no. 2005-7896 (the head-butting incident) and a con-

---

1. Prior to the plea, the Commonwealth nol prossed two counts of simple assault, one count of recklessly endangering another person, and two counts of harassment on Information no. 2005-7637. (N.T. 2/27/06, p. 14.) Appellant pled guilty to the remaining charges.

secutive term of 30 months of probation on Information no. 2005-7637 (the shotgun incident). Judge Rufe's sentence included the possibility that if the first six months of incarceration were acceptably completed, appellant could serve the remainder of his sentence on house arrest. (N.T. 2/27/06, pp. 12-13, 72-77.)

On March 30, 2006, the Commonwealth filed a petition to modify sentence, based on numerous alleged misconducts by appellant during his incarceration. This petition was denied on April 17, 2006.

On June 18, 2006, an immigration detainer was lodged against appellant by United States Immigration and Customs Enforcement. This detainer prevented appellant from serving his sentence on house arrest and consequently, appellant filed a motion to restructure sentence on November 29, 2006. This motion was denied by Judge Rufe on January 12, 2007. (N.T. 9/24/07, pp. 99-100.)

On February 26, 2007, appellant filed a timely petition for post-conviction collateral relief (PCRA), and thereafter, filed an amended petition on June 20, 2007. The amended petition generally alleged that appellant's guilty plea was unlawfully induced, he is innocent of the charges against him, and the facts presented at the plea indicated that defendant may have a defense. (Amended petition, ¶7.) The amended petition also alleged that appellant's guilty plea was defective and that Michael Parlow, Esquire, his plea counsel, was ineffective in his representation. Appellant specifically claimed that Parlow was ineffective because: the plea was not knowing, voluntary and intelligent; Parlow did not adequately inform appellant of his options once Judge Rufe allowed the Commonwealth to amend the information; there was

no factual basis to support the charges, the plea colloquy was generally deficient; and that appellant did not understand the consequences of the guilty plea due to his medical condition. At the subsequent PCRA hearing, appellant also complained that Parlow failed to fully discuss with him the immigration consequences of pleading guilty. (Amended petition for post-conviction collateral relief; ¶¶7-10, 13; N.T. 9/24/07, pp. 14-17, 160-62.)

### Guilty Plea Hearing Record

The following information was covered at Appellant's guilty plea hearing:

•Judge Rufe first reviewed all of the charges to which a plea of guilty would be entered. (N.T. 2/27/06, pp. 15-16);

•Judge Rufe inquired as to whether appellant had any medical conditions. Appellant responded that he was on medication for various conditions, but confirmed that he was alert and aware, and not confused, dazed or drowsy. (N.T. 2/27/06, pp. 17-18);

•Judge Rufe then carefully explained all of the various rights and presumptions appellant was entitled to, including: the presumption of innocence; that the burden of proof rested with the Commonwealth; the right to a jury trial and the jury selection process; and the trial process, including the right to cross-examine, to present evidence and testify, and the applicable burdens of proof. (N.T. 2/27/06, pp. 18-24);

•Judge Rufe then again reviewed the pending charges and the maximum sentences that appellant could face by

pleading guilty, and noted that no agreement existed as to sentence. (N.T. 2/27/06, pp. 24-27);

•Appellant was advised that by pleading guilty, he was waiving his rights on appeal, except issues pertaining to sentencing, jurisdiction and the voluntariness of the plea. (N.T. 2/27/06, pp. 27-29); and

•Lastly, Judge Rufe confirmed that he was satisfied with his counsel. (N.T. 2/27/06, p. 30.)

The facts presented by the Commonwealth in support of the charges were as follows:

On November 19, 2005, officers from the Northampton Police Department were dispatched to 506 Holly Knoll Drive, Churchville, Bucks County, PA, in response to a 9-1-1 call. Upon arrival, the officers noticed that appellant was highly intoxicated, and was threatening and taking an aggressive stance toward his brother. The officers separated appellant and his brother and attempted to usher his brother outside. Immediately thereafter, appellant was observed walking down the stairs with a shotgun, which he pointed at the officers and his brother. The officers and the brother then immediately retreated from the house and for several minutes, appellant refused to comply with commands from the officers to disarm. Appellant eventually complied and threw the shotgun onto a concrete patio. An AK-47 and ammunition were subsequently discovered inside the house.

After the above incident, appellant was taken into custody and transported to a district court for arraignment. There, and without any provocation, appellant head-butted Officer Hinde in the face, causing bleeding,

swelling and damage to Hinde's teeth. (N.T. 2/27/06, pp. 31-34.)

Officer Hinde and Northampton Officer LeCompte also testified at the plea hearing. LeCompte advised Judge Rufe that the situation outside appellant's house became so tense and volatile that he believed he would have to shoot appellant. Both officers also recounted how this incident caused extreme stress to appellant's neighbors, and how appellant's conduct required a large expenditure of police resources, which included the response of several police departments. (N.T. 2/27/06, pp. 37, 42-45.)

Appellant agreed that the facts presented by the Commonwealth were substantially accurate, but claimed that he approached the officers with an unloaded shotgun. Appellant acknowledged that although the shotgun was not loaded, none of the officers were aware of this fact. He also advised Judge Rufe about a serious, possibly life-threatening health problem with his kidneys that, along with his intoxication, negatively impacted his mental state on the night in question. (N.T. 2/27/06, pp. 48-49, 53-54.)

*PCRA Hearing Record*

A PCRA hearing was held before this court on September 24, 2007, wherein the following was placed of record:

Appellant testified and claimed that he was innocent of the charges. He explained that on the night in question, he was going through a difficult time as a result of his lost employment and medical issues. Appellant acknowledged he had been drinking, and agreed that when the

police arrived, they inquired if there were any weapons in the house. Appellant claimed that he responded to this inquiry by going upstairs to retrieve an unloaded, broken shotgun. He explained that he did not intend to scare or threaten anyone and was simply trying to turn over the weapon. (N.T. 9/24/07, pp. 22-27.)

Regarding the head-butting incident, appellant testified that he was shackled, without his glasses and with a hood over his head, and that he had no memory of striking Officer Hinde. Appellant explained that he had pled guilty only because his plea counsel advised him that if he did not plead he would spend 20 years in custody. (N.T. 9/24/07, pp. 33-34.)

Appellant also claimed that he and Parlow never discussed the immigration consequences of pleading guilty. Additionally, he contended that he and Parlow never discussed the possibility of going to trial and then appealing Judge Rufe's granting the Commonwealth's amendment to the information. Appellant also alleged that Parlow did not discuss with him, whether he had a defense to the recklessly endangering another person charges. Appellant insisted that had Parlow discussed these issues with him, he would not have pled guilty. Lastly, appellant explained that he had been in the hospital two weeks before the guilty plea because of kidney failure, and that a subsequent medication change affected him at the plea hearing, where he felt dizzy. (N.T. 9/24/07, pp. 38-39, 44-46.)

Michael Parlow, Esquire, appellant's plea counsel, was called to testify by the Commonwealth. Parlow stated that he had discussed the Commonwealth's proposed amendment to the information with appellant before the

plea hearing, and that once the amendment was allowed, it was appellant's decision to plead guilty. Parlow acknowledged that he and appellant had not discussed the option of going to trial and then appealing the information amendment. (N.T. 9/24/07, pp. 94-95.)

Parlow testified that generally, appellant's central concern was to get home as quickly as possible due to his illness. Parlow explained that prior to the plea hearing, he had participated in a pretrial conference with Judge Rufe and the assistant district attorney wherein possible sentences, including house arrest, were discussed if appellant pled guilty. Parlow informed Judge Rufe that the medical treatment options available to appellant were superior if appellant was at home as opposed to in prison. Parlow emphasized that appellant never expressed to him that he did not understand their discussions, the consequences of pleading guilty, or what was happening during the guilty plea. (N.T. 9/24/07, pp. 90-93, 105-106, 108.)

Regarding the immigration issue, Parlow stated that he and appellant had discussed the immigration consequences of pleading guilty, and that an immigration lawyer was consulted. (N.T. 9/24/07, pp. 94-95, 99.)

Parlow did not recall appellant telling him that he was not getting his medication leading up to the plea, but Parlow indicated that appellant did not appear to be ill. (N.T. 9/24/07, pp. 106-107, 111.)

Parlow acknowledged that appellant told him that the shotgun was not loaded, and agreed that it technically was his obligation to point out that the recklessly endangering charges could not apply if the shotgun was un-

loaded. Parlow emphasized, however, that appellant's primary concern was to get home as soon as possible for medical reasons, and the sentence he received by pleading guilty allowed him to do just that. (N.T. 9/24/07, pp. 115-19.)

In support of appellant's complaint that his medical condition rendered the plea invalid, appellant's brother, Nikolay Lukyanchikov, testified that he did not think that his brother looked himself at the guilty plea and that appellant complained of dizziness and nausea. Appellant also submitted medical records, including a Doylestown Hospital discharge summary and medical records from the Bucks County Prison, that generally indicated his poor physical condition and use of numerous medications, both prior to and after the guilty plea. (Exhibit P-1, P-2, N.T. 9/24/07, pp. 132-33, 158-59.)

After holding this matter under advisement, appellant's PCRA petition was denied on October 15, 2007. On November 13, 2007, appellant filed a timely notice of appeal. In his concise statement of matters complained of on appeal, appellant raised the following claims:

(1) The petitioner's guilty plea was unlawfully induced by ineffective assistance of counsel in that the alternative to the plea, *i.e.,* an appeal of the allowance of the amendment of the information was not explained to him.

(2) Petitioner's guilty plea was a result of a manifest injustice, and was not knowing, voluntary and intelligent, due to his medical state at the time of the plea.

(3) Counsel's ineffective assistance in his failure to object to the deficient colloquy, and the deficient colloquy given to the petitioner, resulted in a manifest injustice

by facilitating the entry of an unknown, involuntary, or unintelligent plea.

(4) Petitioner received ineffective assistance of counsel in that there was presented at the plea, and there exists no factual basis for the guilty plea as required by *Commonwealth v. Flanagan,* 578 Pa. 587, 854 A.2d 489 (2004) and furthermore, the facts presented at the plea indicated that the defendant had a defense to the charges, and the plea should not [sic] have been rejected by the court.

(5) Petitioner received ineffective assistance of counsel in that he did not understand the guilty plea's consequences regarding his immigration status and therefore did not knowingly, intelligently and voluntarily enter the guilty plea.

## LEGAL ANALYSIS

When analyzing claims of ineffective assistance of counsel, we begin with the presumption that counsel was effective. *Commonwealth v. Pappas,* 845 A.2d 829, 844 (Pa. Super. 2004). A defendant can only establish ineffective assistance of counsel when he demonstrates that: (1) the underlying claim is of arguable merit; (2) that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the defendant's interest; and (3) that counsel's action or inaction was prejudicial to the client. *Id.* For an action or inaction by counsel to be considered prejudicial, there must be a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Johnson,* 572 Pa. 283, 300, 815 A.2d 563, 573-74 (2002). All

three prongs of the above test must be satisfied. If a defendant fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel. *Pappas,* 845 A.2d at 844.

Where an allegation of ineffective assistance of counsel is made in connection with the entry of a guilty plea, the complaint will only be a basis of relief if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Fluharty,* 429 Pa. Super. 213, 217, 632 A.2d 312, 314 (1993). To succeed in showing prejudice, the defendant must show that but for trial counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Commonwealth v. Mallory,* 596 Pa. 172, 189, 941 A.2d 686, 703 (2008); *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa. Super. 2002).

### Plea Counsel Discussed With Appellant His Options Regarding the Amended Information, and Therefore Counsel Was Not Ineffective

Appellant first argues that trial counsel was ineffective for not explaining that he could have gone to trial and then appealed the amendment of the information, instead of pleading guilty. This claim was refuted by Parlow, who testified that he had anticipated the amendment issue prior to the plea hearing and that he and appellant had discussed a variety of different scenarios to resolve the case. (N.T. 9/24/07, p. 105.)

Moreover, Parlow emphasized that appellant's central concern was to return home as soon as possible in order to receive the most effective medical treatment. (N.T.

9/24/07, pp. 105-106.) Pleading guilty as opposed to proceeding to trial and then appealing the amendment issue would have been contrary to addressing those concerns. This is especially the case after Parlow had discussed the possibility of house arrest with Judge Rufe and emphasized appellant's medical condition. As Parlow's actions were reasonably based on appellant's best interests, he was not ineffective.

Finally, appellant has also not explained why going to trial and then appealing Judge Rufe's amendment ruling would have any merit or how this decision caused any prejudice. Indeed, under Pa. R.Crim.P. 564, the amendment was properly allowed as the amended charges arose out of the same basic elements and facts as the crimes specified in the original information. Additionally, appellant had been notified of the proposed amendment change well in advance of trial. Judge Rufe, therefore, properly determined that appellant had been placed on notice and was not prejudiced by the amendment. See *Commonwealth v. J.F.*, 800 A.2d 942, 945 (Pa. Super. 2002).

### Appellant's Guilty Plea Was Knowing, Voluntary and Intelligent

Appellant also claims that his guilty plea was not knowing, voluntary, and intelligent due to his medical state. This claim is directly refuted by the plea hearing record.

At the plea hearing, Judge Rufe questioned appellant about his medication and its effects as follows:

"The court: Does [the medication] have any effect [sic] on your memory or in your mind?

"The defendant: No. Absolutely not.

"The court: Are you at all confused or dazed or drowsy or in any way affected by the medication that you take?

"The defendant: Absolutely not.

"The court: Are you alert and aware and conscious of where you are and why you are here?

"The defendant: Yes, I do [sic]."

A criminal defendant who decides to plead guilty has a duty to answer questions truthfully. A defendant cannot postpone final disposition of his case by lying to the court. *Commonwealth v. Cortino,* 387 Pa. Super. 210, 216, 563 A.2d 1259, 1262 (1989) (citing *Commonwealth v. Brown,* 242 Pa. Super. 240, 247, 363 A.2d 1249, 1253 (1976). (N.T. 2/27/06, pp. 17-18.)

Although appellant did present certain evidence at the PCRA hearing that he was dizzy and lightheaded, his responses to Judge Rufe at the plea hearing clearly established his plea was knowing and intelligent. As stated in *Cortino,* appellant cannot now backtrack on the statements he made during the plea colloquy. *Cortino,* supra at 216, 563 A.2d at 1262. As appellant is to be taken at his original word as to his mental condition, this claim fails.

### Trial Counsel Was Not Ineffective for Failing To Object to the Plea Colloquy

Appellant further claims that Parlow was ineffective for failing to object to a deficient colloquy given to the petitioner, resulting in a manifest injustice by facilitating

the entry of an unknown, involuntary or unintelligent plea. (Concise statement of matters complained of on appeal, ¶3.) Appellant makes this claim without specifying how the colloquy was deficient, or why it rendered his plea involuntary or unintelligent.

It is presumed that once a defendant has entered a plea of guilty, he was aware of what he was doing, and the burden of proving involuntariness is upon him. Where the record clearly demonstrates that a guilty plea colloquy was conducted, and the defendant understood the nature of the charges against him, the voluntariness of the plea is established. *Commonwealth v. Moser,* 921 A.2d 526, 529 (Pa. Super. 2007).

Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea. *Id.* In order to determine the voluntariness of a guilty plea and whether a defendant acted knowingly and intelligently in entering the plea, the trial court must inquire as to (1) whether the defendant understands the nature of the charges to which the defendant is pleading guilty; (2) whether there is a factual basis for the plea; (3) whether the defendant understands that he has a right to a jury trial; (4) whether the defendant understands that he is presumed innocent; (5) whether the defendant is aware of the permissible ranges of sentences for the charged offenses; and (6) whether the defendant is aware that the judge is not bound by the terms of any plea agreement. *Id.*

As the guilty plea hearing record clearly establishes that Judge Rufe sufficiently addressed each of the above

referenced issues (see pp. 156-57, supra), this claim is also without merit.

### Trial Counsel Was Not Ineffective for Failing To Object to the Factual Basis for the Plea Nor Does the Fact That Appellant Had a Defense to the Charges Render the Plea Invalid

Appellant next contends that a factual basis was not adequately established and that counsel was ineffective for failing to object. Appellant generally cites *Commonwealth v. Flanagan,* 578 Pa. 587, 854 A.2d 489 (2004) to support his position, but it is unclear why appellant specifically believes the factual basis was deficient. Judge Rufe properly heard the facts supporting the charges, which appellant acknowledged had occurred. These facts detailed appellant's violent and aggressive behavior, his pointing a shotgun at several officers and his brother, his refusal to disarm and his subsequent unprovoked assault on Officer Hinde.[2] Appellant's actions clearly made out elements of the charges for which he was convicted.

Appellant's claim also fails under the second prong for ineffective assistance of counsel, which requires that he establish that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate his interests. *Pappas,* 845 A.2d at 844. As stated above,

---

2. Though not specifically addressed in his petition or at the PCRA hearing, this court notes that Judge Rufe accepted appellant's plea before hearing the factual basis, however, this is of no consequence. See *Commonwealth v. Nelson,* 455 Pa. 461, 462, 317 A.2d 228, 229 (1974) (a valid factual basis established where the trial court accepted the defendant's guilty plea before the factual basis was made a part of the record).

Parlow emphasized that appellant was most concerned with returning home in order to receive medical treatment. (N.T. 9/24/07, pp. 105-106.) As the sentence imposed by Judge Rufe accomplished that goal, appellant's claim of ineffective assistance of counsel fails.

Although not specifically raised in his amended petition, at the PCRA hearing, appellant's counsel questioned Parlow regarding the fact that there may not have been a sufficient factual basis for the reckless endangering charge. See *Commonwealth v. Baker,* 287 Pa. Super. 39, 41, 429 A.2d 709, 710 (1981) (holding that there was insufficient evidence to sustain a charge of recklessly endangering another person where defendant allegedly pointed an unloaded gun).

Even if there is an omission or defect in a plea colloquy, a guilty plea is not invalid if the circumstances indicate that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily entered into the plea. *Commonwealth v. Fluharty,* 429 Pa. Super. 213, 219, 632 A.2d 312, 315 (1993). This determination is to be made by examining the totality of the circumstances. *Id.* at 219, 632 A.2d at 314.

As stated above, a trial court must satisfy itself that there is a factual basis for the plea. However, the factual basis requirement does not mean that the defendant must admit to every element of the crime. *Id.* at 219, 632 A.2d at 315. The key inquiry is whether the defendant understands what he is doing based on a review of the colloquy. When a guilty plea is accompanied by the assertion of facts which make out a defense to the crimes charged, the plea may not be accepted unless the discrepancy is

resolved. The defendant must be aware, and the record must show that he is aware, that his defense cannot be considered when he enters a guilty plea. *Id.* at 222, 632 A.2d at 316 (citing *Commonwealth v. Rodgers,* 465 Pa. 379, 383, 350 A.2d 815, 818 (1976)).

Here, Judge Rufe informed appellant that if he went to trial he would have an opportunity to present defenses on his own behalf, and that appellant was giving up that right by pleading guilty. Appellant stated that he understood this concept, and therefore, appellant's guilty plea was valid. (N.T. 2/27/06, pp. 21-24.)

Finally, even if there is arguable merit to appellant's claim that the plea should have been rejected because the elements for reckless endangering were not met, counsel was not ineffective for failing to object because Judge Rufe did not sentence appellant on this charge.[3] Thus, because prejudice has not been proven, appellant's claim of ineffective assistance of counsel must fail.

### Trial Counsel Discussed Potential Immigration Consequences With Appellant, and Such Consequences Were Nonetheless Collateral

Appellant next complains that Parlow failed to adequately explain any potential immigration consequences to pleading guilty. However, Parlow testified that he had in fact discussed immigration consequences with appel-

---

3. Although Judge Rufe did not specify the counts on which he sentenced appellant, appellant's receipt of 15 to 30 months probation on Information no. 2005-7637 indicates that appellant was not sentenced on the recklessly endangering count as the maximum sentence for that crime is two years.

lant, and that he also consulted an immigration attorney regarding this matter. (N.T. 9/24/07, pp. 94-95, 99.) As this court credited Parlow's testimony, this claim also fails.

Moreover, a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea. *Commonwealth v. Frometa,* 520 Pa. 552, 555, 555 A.2d 92, 93 (1989). In *Commonwealth v. Diaz,* 913 A.2d 871 (Pa. Super. 2006), a defendant alleged that his guilty plea was not knowing and voluntary because trial counsel incorrectly informed the defendant that he would not be deported if he pled guilty. *Id.* at 874. On review, the Superior Court specifically remanded the case to the PCRA court to determine whether counsel actually made those erroneous statements. *Id.* at n.3. In doing so, the Superior Court stated, there [is] no legal obligation to apprise appellant of the collateral consequence of deportation. *Id.*

Here, appellant does not claim that Parlow told him he would not be deported, but rather only claims that Parlow failed to discuss the immigration consequences with him. Because under *Diaz,* deportation is a collateral consequence, this court properly rejected appellant's claim.

CONCLUSION

For the reasons set forth above, appellant's amended petition for post-conviction collateral relief was properly denied.