J-S72018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EARL KINSLEY, | : | |
| | : | |
| Appellant | : | No. 1607 EDA 2017 |

Appeal from the PCRA Order April 18, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0000053-2014

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                **FILED JANUARY 18, 2018**

James Earl Kinsley ("Kinsley") appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its Opinion, the PCRA court set forth its findings of fact, which we adopt for the purpose of this appeal.  *See* PCRA Court Opinion, 4/18/17, at 1-5.

Kinsley did not file a direct appeal.  On June 12, 2015, Kinsley, *pro se*, filed the instant, timely PCRA Petition.  The PCRA court appointed counsel, who filed an amended Petition, asserting therein that (1) Kinsley's sentence was illegal, as his convictions for criminal attempt-involuntary deviate sexual

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

_____

* Former Justice specially assigned to the Superior Court.

intercourse ("IDSI") (person less than 16 years of age) and criminal solicitation-IDSI (forcible compulsion) should have merged; and (2) Kinsley's trial counsel was ineffective for failing to detect the error. On March 21, 2017, the PCRA court conducted a hearing on the Petition. On April 18, 2017, the PCRA court issued its Order dismissing the Petition. This timely appeal followed.

On appeal, Kinsley raises the following issue for our review: "Whether the PCRA [c]ourt erred in [dismissing Kinsley's] PCRA [P]etition where the record clearly showed that [Kinsley's] sentences for the convictions for [c]riminal [a]ttempt-IDSI [(p)erson [l]ess than 16 [y]ears of [a]ge[)], 18 Pa.C.S.[A.] § 901(a)[,] and [c]riminal [s]olicitation-I[DS]I [(f]orcible [c]ompulsion[)], 18 Pa.C.S.[A.] § 902(a)[,] are illegal sentences because these offenses merge?" Brief for Appellant at 4.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Kinsley contends that he received two sentences for the same criminal act, in violation of 18 Pa.C.S.A. § 906.[2] Brief for Appellant at 11. Kinsley asserts that he "understood that he was entering a plea to only one victim." *Id*. Kinsley claims that "the [PCRA] court erred in determining that there were two different criminal episodes[,] where there is nothing in the guilty plea hearing to support that finding." *Id*.

In its Opinion, the PCRA court addressed Kinsley's issue, set forth the relevant law, and determined that the convictions were not subject to merger under section 906 because Kinsley knowingly and intelligently plead guilty to criminal attempt-IDSI (person less than 16 years of age) *in relation to one victim*, and plead guilty to criminal solicitation-IDSI (forcible compulsion) *in relation to a different victim*. **See** PCRA Court Opinion, 4/18/17, at 5-10; **see also id**. at 10 (wherein the PCRA court determined that "[t]he record is clear that [Kinsley] was fully appraised by his attorney[,] and knew that there were two separate episodes, two separate informations/two cases[,] and that [Kinsley] had negotiated one resolution."). We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis. **See id**.; **see also** PCRA Court Opinion, 6/2/17, at 3 (wherein the PCRA

---

[2] Section 906 provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906.

court explained that Kinsley's "inchoate crimes were not designed to commit or to culminate in the same crime[, because] they were separate crimes of sexual abuse of children, as they involved separate dates and different perceived victims.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/18

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-23-CR-0000053-2014
                               :
              v.               :
                               :
JAMES EARL KINSLEY             :

## ORDER

**AND NOW,** this 18th day of April, 2017, after consideration of Defendant's

PCRA PETITION and AMENDED PCRA PETITION; COMMONWEALTH'S ANSWER IN

OPPOSITION TO DEFENDANT'S AMENDED POST-CONVICTION RELIEF ACT

PETITION/MOTION TO DISMISS and a hearing held thereon in open court on

March 21, 2017, it is hereby ORDERED and DECREED that the Court finds that

Defendant has failed to show ineffective assistance of counsel and Defendant's

PCRA Petition is **DISMISSED.**

**Findings of fact:**

1.     Defendant was arrested on November 16, 2013 and charged with the

following offenses:  IDSI - Person Less the 16 -Criminal Attempt, Statutory Sexual

Assault-Criminal Attempt, Corruption of Minors-Criminal Attempt, IDSI Person

1

Less then 16-Criminal Solicitation, Statutory Sexual Assault-Criminal Solicitation and related offenses.

2.    Defendant retained the services of Michael Malloy, Esquire and appeared in the Court of Common Pleas for a Pre-Trial Conference on March 5, 2014.

3.    Defendant's trial date was set for March 31, 2014. Defendant and his attorney, Brian Malloy, Esquire appeared and requested a continuance as the case was still under discussion/negotiations with the District Attorneys' Office. Similar requests were made on May 5 and May 19.

4.    On June 10, 2014 the Commonwealth, represented by Ryan Grace, Esquire, moved in open court to amend the Informations adding another count of all offenses charged and further stated that he was going to make an offer to Defendant. The Defense had no objection to the amendment. (See N.T. July 22, 2014 page 3, wherein Commonwealth summarizes what occurred on June 10.)

5.    The ORDER GRANTING MOTION FOR LEAVE TO AMEND INFORMATION was signed on June 11, 2014. The Defense continued the case to June 16. On June 16 an offer was extended to Defendant and the Defense requested that the case be passed to June 19. On June 19, the Defense requested a continuance until July 14. On July 14, the Defense requested a continuance to July 22, 2014.

2

6.      At this point, it is clear that Defendant was fully aware that the Commonwealth had two separate cases, two distinct incidents, and that the two cases were now combined into one case for disposition.

7.      On July 22, 2014 the Commonwealth and Defense again appeared before the court. The Commonwealth, through Mr. Grace, explained that the offer had been extended in June; the parties had engaged in additional back and forth negotiations in an effort to resolve the matter without trial; and that he had been notified the Defendant was rejecting the offer. (N.T. July 22, 2014, p. 2.)

8.      Commonwealth placed the Offer on the record. Mr. Grace first outlined the offer to Count I –Attempted IDSI. Then Mr. Grace stated the following: "And then the Commonwealth would ask the defendant plead guilty to Count 12. That's one of the new counts." (N.T. July 22, 2014, page 4). The Commonwealth outlined the offer then stated the following: "I should note for your Honor there are two different undercover sting operations. The allegation is the defendant was talking to two different undercover officers at the same time. So these are not the same episodes. They are two different episodes of attempt, and on the other hand by the Solicitation. So the Commonwealth would be seeking for consecutive sentence at trial." (N.T. July 22, 2014, page 5).

9.    On July 24, 2014, defendant appeared before the court to enter into a negotiated guilty plea. It is noted that the defendant improved his sentence by negotiating from a 3-6 year term of incarceration to a 2 ½ - 7 year term of incarceration on the Attempt IDSI; however, the 4 year consecutive probation remained the same for the Solicitation to IDSI. During the course of the guilty plea colloquy, the following exchange took place:

> THE COURT: .......Then, I will ask the Commonwealth Attorney to provide a factual basis for the plea.
>
> MR. GRACE: Your Honor, the Commonwealth submits both the Affidavit of Probable Cause that was filed initially in the criminal complaint as well as a supplemental Affidavit of Probable Cause that was handed up to Your Honor, I believe on Tuesday, Monday or Tuesday of this week.
>
> THE COURT: Correct. Do you agree to that?
>
> MR. MALLOY: Yes, Your Honor.
>
> ......................
>
> THE COURT: Are you offering your Guilty Plea in this case because you admit that you did the things that are stated in the Affidavit of Probable Cause –
>
> THE DEFENDANT: Yes.
>
> THE COURT: -- both of them? Has your attorney explained the meaning and the elements of the crimes you are pleading guilty to, which is Attempt IDSI and Solicitation IDSI?

4

THE DEFENDANT: Yes.

(N.T. July 24, 2014, pages 7 and 8).

As part of the plea colloquy, the defendant was asked to sign the Criminal Informations to evidence the guilty plea, which he did. They are clearly two different sets of Informations. The Informations are part of the record. Sentencing was scheduled for October 16, 2014 and a PSI and a Psychosexual Evaluation were ordered.

10. The Psychosexual Evaluation was held on August 11, 2014 wherein the defendant told the Evaluator, Dr. Catherine Surbeck, PhD., the following: "There were 2 cases. In September, they said 15. In October, they said 14. They used a different name. Jake was supposed to be 15. I don't remember the name of the 14 year old."

11. On October 16, 2014, defendant was sentenced in accordance with the negotiated guilty plea.

**Discussion**

The record in this case supports the conclusion that the Defendant's guilty pleas were knowingly and voluntarily entered and that the Defendant failed to establish that his plea Counsel's stewardship was ineffective in any manner. To succeed on an ineffective assistance of counsel claim, a Defendant must satisfy

5

the three-pronged "Pierce test"; that is, a defendant must plead and prove: (1) the underlying claim has merit, (2) counsel's performance had no reasonable basis, and (3) counsel's ineffectiveness prejudiced the defendant. Commonwealth v. Lassiter, 554 Pa. 586, 592, 772 A.2d 657, 660 (1998) (citing Commonwealth v. Lacava, 542 Pa. 160,178, 666 A.2d 221, 229 (1995)). A defendant must then prove that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. " Lassiter, 554 Pa. at 592, 772 A.2d at 660. "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." Commonwealth v. Cox, 603 Pa. 223, 243, 983 A.2d 666, 678 (2009) (quoting Pierce, supra at 213; citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).

Counsel is presumed effective and Defendant bears the burden of proving otherwise. Commonwealth v. Ligons, 971 A.2d 1125, 1137 (Pa. 2009). In order to overcome that presumption, defendant must demonstrate that (1) his underlying claim has merit, (2) there was no reasonable basis for Counsel's actions, and (3) defendant suffered prejudice as a result. Commonwealth v. Miller, 746 A.2d 592, 598 (Pa. 2000). The failure to satisfy any prong of this test will cause the entire claim to fail. Commonwealth v. Bridges, 584 Pa. 1127, 886 A.2d 1127 (2005).

6

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Commonwealth v. Owens, 321 Pa. Super. 122, 467 A.2d 1159 (1983); Commonwealth v. Brown, 242 Pa. Super. 240, 363 A.2d 1249 (1976). A plea of guilty constitutes a waiver of all defects and defenses. Upon entry of a guilty plea, all challenges to the plea are waived except challenges to voluntariness, jurisdiction of the court, and the lawfulness of the sentence. Commonwealth v. Bauer, 413 Pa. Super. 220, 604 A.2d 1098 (1992); Commonwealth v. Coles, 365 Pa. Super. 562, 530 A.2d 453 (1987), appeal denied, 522 Pa. 572, 559 A.2d 34 (1989). If an underlying claim was waived by the guilty plea, a derivative claim of ineffective assistance of counsel must necessarily fail. Commonwealth v. Bauer, 413 Pa. Super. 220, 604 A.2d 1098 (1992); Commonwealth v. Davis, 518 Pa. 77, 83, 541 A.2d 315 (1988). A Defendant who pleads guilty may seek post conviction relief where the plea was unlawfully induced and the defendant is "innocent." Commonwealth v. Woodrow, 743 A. 2d 458 (Pa. Super. 1999) To withdraw the guilty plea on the grounds that the plea was unlawfully induced, the defendant must prove that the "plea was the result of manifest injustice. " Commonwealth v. Holbrook, 629 A.2d 154,158 (Pa.Super. 1993).

In order to prevail on a PCRA claim that a guilty plea was unlawfully induced, the Defendant is required to plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where circumstances made it likely that the inducement caused him to plead guilty, or that the ineffective assistance of counsel caused an involuntary or unknowing plea. Commonwealth v. Rathfon, 899 A. 2d 365 (Pa. Super. 2006); Commonwealth v. Mendoza, 730 A. 2d 503 (Pa. Super. 1999); Commonwealth v. Patterson, 690 A. 2d 250 (Pa. Super. 1997). To meet this standard, the Defendant must establish that the plea was "involuntary or given without knowledge of the charge." See e.g., Commonwealth v. Blackwell, 647 A. 2d 915 (Pa. Super. 1994).

To determine whether a plea was knowing and voluntary, the reviewing court examines the guilty plea colloquy to ascertain defendant's understanding of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the court's power to depart from any recommended sentence. Commonwealth v. Morrison, 878 A.2d 102, 107 (Pa. Super. 2005).

The adequacy of a guilty plea colloquy and the voluntariness of the resulting plea must be examined under the totality of the circumstances surrounding the entry of the plea. Commonwealth v. Muhammad, 794 A.2d 378

8

(Pa.Super. 2002) at 383 384. Thus, "[t]he trial court may consider a wide array of relevant evidence under this standard including, but not limited to, transcripts from other proceedings, off the record communications with counsel, and written plea agreements." Commonwealth v. Fears, 836 A.2d 52, 64 (Pa. 2003); Commonwealth v. Bedell, 954 A.2d 1209, 1212 1213 (Pa.Super. 2008).

In this case, the Defendant understood and responded affirmatively to each and every material inquiry posed from the Court and Counsel during the colloquy. The Court found Defendant's plea to be knowingly, intelligent and voluntary. The Defendant indicated that he understood all of the rights he was waiving, and that he clearly wished to enter the plea. There is nothing in the record to indicate that the plea was not voluntary.

Based upon this record, Defendant could not possibly show that his plea was unknowing or involuntary. See Commonwealth v. McCauley, 797 A.2d 920, 922 (Pa. Super. 2001) ("where... a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established"); Commonwealth v. Smith, 450 A.2d 973, 974 (Pa. 1982) (a written colloquy is prima facie evidence that defendant was aware of his rights); Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa. Super. 2003) ("[a defendant] may not later assert grounds for

withdrawing the plea which contradict the statements he made at his plea colloquy"); Commonwealth v. Sauter, 567 A.2d 707, 708-09 (Pa. Super. 1989). (Where a written plea colloquy is supplemented by an oral colloquy, it "suggests most strongly" that the guilty plea was made knowingly, voluntarily and intelligently).

The record is clear that defendant was fully apprised by his attorney and knew that there were two separate episodes/two separate Informations/two cases and that he had negotiated to one resolution. The defendant entered into the negotiated guilty plea knowingly, voluntarily and intelligently and no relief shall be granted.

BY THE COURT:

Mary Alice Brennan, J.

2017 APR 18 AM 10: 45

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO.

FILED

10