634 A.2d 633

**COMMONWEALTH of Pennsylvania**

**v.**

**Brenda LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1993.

Filed Dec. 2, 1993.

338

James E. Mugford, Sr., Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, JOHNSON and CERCONE, JJ.

DEL SOLE, Judge:

Appellant, Brenda Lewis, appeals from the trial court's denial of her P.C.R.A. petition without a hearing. Finding no abuse of discretion or error of law by the trial court, we affirm.

On the evening of July 13, 1988, Appellant approached her neighbor, Julia Whitmore, who was sitting on the steps of a Philadelphia home talking to her friends. Appellant told the others to leave, then produced a handgun and shot Ms. Whitmore in her arm and her leg. Ms. Whitmore was rushed to the hospital, where she underwent surgery. Appellant was apprehended and charged with aggravated assault, simple assault, reckless endangerment and violations of the Uniform Firearms Act. Appellant was released on bail.

On November 4, 1989, while awaiting trial for the shooting of Ms. Whitmore, Appellant had an argument with her niece, Yolanda Linder. Appellant again produced a handgun and shot Ms. Linder in the stomach and legs. Ms. Linder was rushed to the hospital and treated for her injuries. Appellant then fled to San Diego, California, but was subsequently extradited to Philadelphia and charged with aggravated assault, simple assault, reckless endangerment, terroristic threats and violations of the Uniform Firearms Act.

On October 16, 1990, Appellant appeared before the trial court and indicated that she wished to consolidate the two cases for disposition by guilty plea pursuant to Pa.R.Crim.P. 1402. Appellant, represented by two attorneys, then entered

open guilty pleas to two counts of aggravated assault in the first degree. The remaining charges were *nolle prossed.* Appellant was sentenced to concurrent terms of seven to twenty years imprisonment for each conviction. Thereafter, Appellant did not file a motion to withdraw the plea, a petition to modify her sentence, or a direct appeal.

Instead, Appellant filed a pro se P.C.R.A. petition for collateral relief. Counsel was appointed to represent her, and the Commonwealth moved to dismiss the petition. Following oral argument, the P.C.R.A. court denied Appellant's request for an evidentiary hearing and then denied Appellant's P.C.R.A. petition. This appeal ensued.

Appellant asserts that the P.C.R.A. court erred in denying her petition for relief under the Post Conviction Relief Act. She claims that her guilty pleas were not voluntary, because she did not understand the nature of the proceedings and because she was misinformed by counsel regarding the consequences of her pleas. Appellant also claims that counsel was ineffective for failing to adequately advise and inform her of the consequences of entering the open guilty pleas and for failing to file motions to withdraw the pleas, motions for reconsideration of sentence and a direct appeal, as requested by Appellant's husband and mother.

Initially, we note that it is not error for a P.C.R.A. court to deny a petitioner's request for an evidentiary hearing where the supporting factual allegations are either patently frivolous or without a trace of support in the record or from other evidence submitted by the petitioner. *Commonwealth v. Klinger,* 323 Pa.Super. 181, 470 A.2d 540 (1983). On appeal, this court will not disturb the factual findings of the P.C.R.A. court when those findings are supported by the record. *Commonwealth v. Vesay,* 318 Pa.Super. 320, 464 A.2d 1363 (1983).

In the instant case, the evidence on the record belies Appellant's claim regarding the voluntariness of her pleas. To be constitutionally valid, a guilty plea must have been made knowingly, voluntarily and intelligently, with an understanding of the nature of the charges, the right to a jury trial and an

awareness of the consequences of the plea. *Commonwealth v. Khorey*, 521 Pa. 1, 4, 555 A.2d 100, 104, quoting *Commonwealth v. Enty*, 442 Pa. 39, 40, 271 A.2d 926, 927 (1971). Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). The record in the instant case clearly shows that Appellant, at the time she entered her plea, was a forty-one year-old high school graduate who had been employed as an x-ray technician for twenty years. She had no history of mental illness and denied being under the influence of drugs or alcohol. The trial court advised her of her right to a jury trial, and she was also informed of the nature of the charges and the range of possible sentences. The trial court then informed her that by electing to enter a guilty plea, she was giving up her right to a trial by jury, to present witnesses and evidence, and to testify on her own behalf, and Appellant indicated that she understood that she was waiving her right to trial and still wished to plead guilty.

Appellant cannot now claim that what she asserted during her colloquy, i.e. that her guilty pleas were entered voluntarily, was false and that she is thereby entitled P.C.R.A. relief. *Commonwealth v. Mitchell*, 319 Pa.Super. 170, 465 A.2d 1284 (1983). Indeed, in *Commonwealth v. Brown*, 242 Pa.Super. 240, 363 A.2d 1249 (1976), we affirmed the denial of P.C.H.A. relief without a hearing. In that case, it was alleged that the defendant was promised sentences at variance with the stated sentence in the colloquy. We stated:

> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We can not permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Id.* at 247, 363 A.2d at 1253.

Accordingly, Appellant's claim regarding the voluntariness of her plea is meritless.

 Appellant's second contention involves various allegations concerning the effectiveness of counsel. The threshold inquiry for evaluating claims of ineffective assistance is whether the issue, argument or tactic which counsel has foregone is of arguable merit. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989). If the argument is of merit, the next inquiry is whether counsel's chosen course of action was designed to effectuate his client's best interests. Upon proof that counsel had some reasonable basis for pursuing the chosen course, the inquiry ends and counsel is presumed effective. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985). If a reasonable basis is lacking, the defendant must demonstrate that counsel's actions worked to his prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The defendant must show that but for counsel's challenged strategy, there is a reasonable probability that the result would have been more favorable to the defendant. *Commonwealth v. Wells*, 396 Pa.Super. 70, 578 A.2d 27 (1990). Furthermore, allegations of ineffectiveness of counsel in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. Owens*, 321 Pa.Super. 122, 130, 467 A.2d 1159, 1163 (1983), citing *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978), cert. den., 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979); *Commonwealth v. Flood*, 426 Pa.Super. 555, 627 A.2d 1193, 1198–99 (1993).

In the instant case, Appellant's assertions that her counsel did not inform her of the nature and effect of her guilty pleas are contradicted by the record. Furthermore, as we have discussed above, Appellant's initial contention regarding the voluntariness of her plea is meritless, and therefore, counsel cannot be deemed ineffective in regard to Appellant's entry of her guilty pleas.

Appellant also claims that counsel was ineffective for failing to file motions to withdraw the pleas, for failing to file a motion for reconsideration and modification of sentence, and for failing to file a direct appeal on the voluntariness issue

when Appellant's mother and husband had requested that counsel do so.

In regard to counsel's failure to file a motion to withdraw Appellant's guilty pleas, we note that because Appellant's pleas were entered knowingly, intelligently and voluntarily, this claim is meritless, and counsel cannot be deemed ineffective for failing to raise a baseless claim. *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

Appellant's claim that counsel was ineffective for failing to file a motion for reconsideration and modification of sentence is a challenge to the discretionary aspects of sentence; therefore, it is not cognizable under P.C.R.A. The only sentencing issue subject to P.C.R.A. review is whether the sentences imposed were greater than the lawful maximum. *Commonwealth v. Grier,* 410 Pa.Super. 284, 599 A.2d 993 (1991), *appeal denied,* 530 Pa. 639, 607 A.2d 250 (1992); *Commonwealth v. Wolfe,* 398 Pa.Super. 94, 580 A.2d 857 (1990); 42 Pa.C.S.A. § 9543(a)(2)(vii). Thus, this claim is also meritless.

In regard to Appellant's final contention that counsel should have filed a direct appeal, we again note that all the issues upon which Appellant asserts she is entitled to relief are meritless. Appellant's pleas were entered voluntarily; counsel informed Appellant of the consequences of the entry of the pleas; and the sentences imposed were entirely reasonable in light of the nature of Appellant's offenses. Thus, any direct appeal to this court would have been meritless and frivolous. Counsel is not ineffective for failing to file a frivolous appeal which would have been dismissed by this court. *Commonwealth v. Iseley,* 419 Pa.Super. 364, 615 A.2d 408 (1992). Accordingly, we affirm the trial court order denying P.C.R.A. relief without a hearing.

Order affirmed.