## Commonwealth v. Gould

*Deborah L. Muzereus,* for Commonwealth.
*Vincent J. Quinn,* for defendant.

CULLEN, *J.,* December 18, 2008—On October 3, 2007, defendant, Carl Gould, tendered an open guilty plea to the offenses charged on criminal information 5647-2006, *i.e.,* two counts of delivery of cocaine to an undercover police officer.[1]

The offenses to which defendant pled guilty arose from two separate incidents. On September 16, 2006, he delivered approximately seven grams of crack cocaine to an undercover officer in exchange for $250. Five days later, defendant delivered approximately 14 grams of crack cocaine to the same undercover officer in exchange for $450. Both transactions were made hand-to-hand between defendant and the undercover officer. The Commonwealth had surveillance teams in place for both drug

---

1. 35 P.S. §780-113(a)(30).

deliveries and took color photographs of defendant seated in his car.

On the date of his plea, defendant initially chose to proceed to a jury trial. After jury selection, but before testimony began, defendant elected to plead guilty to both counts. Defendant waived a presentence report and was sentenced to a term of not less than three nor more than six years imprisonment and fined $10,000 on Count one, and a concurrent term of not less than five nor more than 10 years imprisonment and fined $30,000 on Count two.[2] These sentences were also to be served concurrently with any other sentence defendant was serving.

"Subsequent to sentencing, defendant filed a pro se request to revoke his guilty plea, which the court treated as a motion for post-conviction collateral relief. Counsel was appointed to represent defendant and on May 7, 2008, an amended petition for post-conviction collateral relief was filed. An evidentiary hearing was held on August 20, 2008. At the conclusion of the hearing, the court ordered the notes of testimony transcribed, and the parties filed briefs in support of their respective positions. The matter is now ready for disposition.

## DISCUSSION

In order to be eligible for relief under the Post Conviction Relief Act,[3] a defendant must satisfy the requirements of 42 Pa.C.S. §9543 which provides in pertinent part:

---

2. Count one carried a three-year mandatory minimum sentence based on the weight of the controlled substance, and Count two carried a five-year mandatory minimum sentence for the same reason.

3. 42 Pa.C.S. §9541 et seq.

*"Section 9543 Eligibility for relief.*

*"(a) General rule.*—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

"(1) That the petitioner has been convicted of a crime under the laws of the Commonwealth and is at the time relief is granted:

"(i) currently serving a sentence of imprisonment, probation, or parole for the crime; . . .

"(2) That the conviction or sentence resulted from one or more of the following: . . .

"(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. . . ." 42 Pa.C.S. §9543(a).

The defendant bears the burden of establishing by a preponderance of the evidence that his conviction resulted from one or more of the enumerated errors listed in the Act. *Commonwealth v. Zook,* 585 Pa. 11, 25, 887 A.2d 1218, 1226 (2005); *Commonwealth v. Crawley,* 541 Pa. 408, 412, 663 A.2d 676, 678 (1995).

Since defendant's post-conviction petition involves a claim of ineffective assistance of counsel, the following standards apply. The law presumes counsel was effective and thus, the burden of proving otherwise rests with the defendant. *Zook,* 585 Pa. at 26, 887 A.2d at 1227 (citing *Commonwealth v. Travaglia,* 541 Pa. 108, 118-19, 661 A.2d 352, 356-57 (1995)); *Commonwealth v. Cousin,* 585 Pa. 287, 294-95, 888 A.2d 710, 715 (2005). In order to establish an ineffective assistance of counsel claim, a defendant must prove by a preponderance of the evidence

that (1) the claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) but for the errors and omissions of counsel there is a reasonable probability that the outcome of the case would have been different. *Commonwealth v. Natividad,* 595 Pa. 188, 208, 938 A.2d 310, 321 (2007) (citations omitted); see *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984) ("First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense.").

With regard to the first prong of the ineffective assistance of counsel standard, Pennsylvania courts have consistently stated that, where an allegation of ineffective assistance of counsel is made in connection with a guilty plea, such complaint will only be a basis for relief if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. *Commonwealth v. Fluharty,* 429 Pa. Super. 213, 217, 632 A.2d 312, 314 (1993).

In evaluating the second prong of the standard which requires an examination of counsel's conduct, the court must not employ a hindsight evaluation that examines whether other alternative actions were more reasonable. *Zook,* 585 Pa. at 26, 887 A.2d at 1227. Rather, a court must deem counsel to have been effective so long as the course which counsel chose was not unreasonable in acting to effectuate his or her client's interests. *Id.* Thus, a party must demonstrate that counsel's strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Chmiel,* 585 Pa. 547, 614, 889 A.2d 501, 541 (2005) (citing *Commonwealth v. Williams,* 537 Pa. 1, 29, 640 A.2d 1251, 1265 (1994)).

Of greater significance is the third prong of the standard. The Pennsylvania Supreme Court has consistently held that if the party asserting the claim has not established the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the party met the first two prongs of the standard. *Commonwealth v. Brown,* 582 Pa. 461, 481, 872 A.2d 1139, 1150 (2005); *Chmiel,* 585 Pa. at 614, 889 A.2d at 540; *Travaglia,* 541 Pa. at 118, 661 A.2d at 357. This "prejudice inquiry requires consideration of the totality of the evidence." *Commonwealth v. Spotz,* 582 Pa. 207, 228 n.15, 870 A.2d 822, 834 n.15 (2005) (quoting *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2069). To succeed in showing prejudice, the defendant must show that but for trial counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Commonwealth v. Mallory,* 596 Pa. 172, 189, 941 A.2d 686, 703 (2008); *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa. Super. 2002).

A failure to satisfy any prong of the ineffective assistance of counsel standard will require rejection of the entire claim. *Natividad,* 595 Pa. at 207-208, 938 A.2d at 321; *Commonwealth v. Spotz,* 582 Pa. 207, 220, 870 A.2d 822, 830 (2005); *Commonwealth v. Bridges,* 584 Pa. 589, 596, 886 A.2d 1127, 1131 (2005).

As fact-finder in a proceeding for post-conviction relief that is based on a claim of ineffective assistance of counsel, the credibility of witnesses remains exclusively within the province of the hearing court. *Commonwealth v. Pate,* 421 Pa. Super. 122, 132, 617 A.2d 754, 760 (1992) (citing *Commonwealth v. Moore,* 321 Pa. Super. 442, 450-51, 468 A.2d 791, 795 (1983)). An appellate court, therefore, "must give great weight to the

findings of a lower court concerning the credibility of witnesses in a post-conviction proceeding." *Commonwealth v. Dupert,* 555 Pa. 547, 557, 725 A.2d 750, 755 (1999) (citing *Commonwealth v. Madison,* 501 Pa. 485, 491, 462 A.2d 228, 231 (1983)).

In his amended petition for post-conviction collateral relief, defendant claims that his guilty plea was not knowing and voluntary because of the ineffective assistance of his attorney. At the evidentiary hearing, defendant testified that he met with defense counsel only twice before the October 3, 2007 trial date. (N.T. Aug. 20, 2008, at 4-5, 9.) Despite requesting the discovery from defense counsel, after 10 months defendant received only two police reports. (*Id.* at 5; see def. exhibit 3.) Defendant discovered purported inaccuracies with some of the Commonwealth's evidence against him. (*Id.* at 7.) The police reports stated that, after the transaction between defendant and the undercover officer, defendant went into two houses located at 640 and 644 East Chestnut Street in Lancaster, Pennsylvania. (*Id.*; see def. exhibit 5.) Defendant, however, testified that he did not know anyone at either of those addresses and requested defense counsel to subpoena the residents. (*Id.* at 7-8.)[4]

On the eve of trial, defense counsel met with defendant to discuss the case. (*Id.* at 9.) Defendant claims that, during this meeting, defense counsel indicated that he had no defense for the case. (*Id.* at 9-11.) Defense counsel pointed to the evidence against defendant and the

---

4. Defendant has failed to indicate how the testimony of these witnesses would have materially assisted his defense. There is no allegation that these individuals witnessed either of the hand-to-hand deliveries at issue, or that they had any other information which might exculpate defendant.

likelihood that a jury would consider the testimony of the undercover police officer as more credible than that of defendant. (*Id.* at 9.) Defendant testified that he asked defense counsel whether he had subpoenaed the residents of 640 and 644 East Chestnut Street. (*Id.*) Defendant claims that defense counsel did not subpoena the residents and explained to defendant that it was unlikely that the same individuals would still be living at these addresses or that they would appear for the criminal trial. (*Id.*) Given this information, defendant asserts that he decided to fire defense counsel. (*Id.* at 9.)

Defendant directed defense counsel to request a continuance of his trial so that defendant could have more time to establish a defense to the charges. (*Id.* at 10.) Accordingly, on the day of trial, defense counsel requested a continuance, which the court denied. (*Id.* at 12.) Defendant testified that, following this denial, he turned to defense counsel and fired him. (*Id.*) After the court denied the continuance, a jury was selected.

After the jury was selected, but before testimony began, defendant tendered an open plea of guilty to both counts of delivering cocaine. Defendant asserts that he did not want to plead guilty and did so only because he believed himself to be in a "no-win situation" based on the fact that defense counsel did not have a defense to the charges and the court would not allow defendant to fire defense counsel at this stage of the proceedings.[5] (*Id.* at 13.) However, defendant contradicted this testimony by later asserting that he entered his guilty plea because

5. The record does not indicate that the court was informed that defendant had discharged defense counsel after the request for a continuance was denied.

defense counsel "kept telling" and instructing him to plead guilty. (*Id.* at 6, 25, 31, 44.)

Defendant claims that six days later, after sentencing, he spoke with defense counsel and instructed him to withdraw the plea, but that defense counsel told defendant to instead write a letter documenting his desire to withdraw the plea. (*Id.* at 14-15; see def. exhibit 1.)

Defense counsel's testimony differs from defendant's version of events. Defense counsel testified that he met with defendant "many times" before trial and explained that he did not subpoena the residents of 640 and 644 East Chestnut Street because he "didn't feel that there was any possibility those witnesses would be helpful to the case, given what the evidence was against him. There were direct deliveries to the same undercover officer who was making a positive identification in both cases and surveillance and arrest units firmed up that identification . . . by tracking his car and taking a very good photograph and firming up the [identification]." (*Id.* at 47, 57; see def. exhibits 4-5 and Commw. exhibits 3-6.) Nevertheless, defense counsel testified that he was prepared to proceed to trial. (*Id.* at 60.)

Although defendant offers two contradictory reasons underpinning his decision to plead guilty (*i.e.,* being in a "no-win" situation as opposed to defense counsel "kept telling" him to plead guilty), defense counsel has no recollection of instructing defendant to plead guilty. (*Id.* at 52.) Defense counsel stated that "[i]t would not be my practice while we're about ready to have a trial to keep asking a client whether he wants to proceed or not . . . ." (*Id.*)

The court finds that the testimony of defense counsel is credible and that of defendant is not credible. In reach-

ing this conclusion, the court has considered the demeanor of each witness as he testified as well as their respective interests in the outcome of this proceeding.[6]

Defendant must prove by a preponderance of the evidence that his underlying claim has arguable merit. The court finds that defendant has failed to meet this burden.

The court notes defense counsel's testimony that he was prepared to proceed to trial is accurate and, in fact, jury selection had been completed when defendant chose to enter his guilty plea. Defense counsel's decision not to subpoena the residents of 640 and 644 East Chestnut Street was not unreasonable. Defense counsel considered the overwhelming evidence that the Commonwealth had gathered against defendant and the likelihood that the residents would appear and testify. Defense counsel had represented defendant throughout the entire case and had met with defendant "many times" to discuss its merits. Defendant's belief that defense counsel was not prepared to proceed to trial is based solely on defense counsel

---

6. The court notes that defendant's testimony at the evidentiary hearing is at odds with his responses to the court's questions during the guilty plea colloquy. In response to the court's question regarding whether defendant had been forced, threatened or pressured in any manner to make defendant plead guilty, defendant answered, "No." (N.T. Aug. 20, 2008, at 35.) In response to the question regarding whether defendant was satisfied with defense counsel's services, defendant answered, "Yes." (*Id.* at 44-45.) However, defendant testified that those answers were not true and he only responded as he did because defense counsel told him to respond to those questions with those answers. Defendant thus admits he lied to the court during the guilty plea colloquy. Further, as discussed above, defendant offered two contradictory rationales for pleading guilty. (*Id.* at 6, 13, 25.)

informing defendant that there was not a viable defense to the charges and that he did not subpoena the residents.[7] Thus, defendant's claim that defense counsel was not prepared to proceed to trial has no arguable merit.

With respect to defense counsel's decision to not subpoena the residents of 640 and 644 East Chestnut Street, defendant must prove the following in order to prevail on a claim of ineffective assistance of counsel: "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness' existence; (4) the witness was prepared to cooperate and would have testified on [defendant's] behalf; and (5) the absence of the testimony prejudiced [defendant]." *Commonwealth v. Chmiel,* 585 Pa. 547, 622, 889 A.2d 501, 545-46 (2005). (citation omitted) "Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense." *Id.* at 622, 889 A.2d at 546 (citing *Commonwealth v. Durst,* 522 Pa. 2, 6, 559 A.2d 504, 506 (1989)). (citations omitted) Defendant "must demonstrate how the testimony of the uncalled witness would have been beneficial under the circumstances of the case." *Id.* (citing *Commonwealth v. Beasley,* 544 Pa. 554, 566, 678 A.2d 773, 778 (1996)). (citation omitted)

Defendant has not established that the residents of 640 and 644 East Chestnut Street were identified, available,

---

7. It appears that the defense strategy at trial would be to contest the ability of the Commonwealth to prove its case beyond a reasonable doubt. This is not an unreasonable approach under the circumstances. There is no suggestion of any other strategy or defense which offered any prospect of success.

or prepared to cooperate and testify on his behalf. Defendant has only stated that he informed defense counsel that he "didn't know anybody in those two addresses, that he should go subpoena the people that lived there at the address because [defendant] don't know those people." (N.T. Aug. 20, 2008, at 7-8.)

Defendant has also failed to demonstrate that he was prejudiced.

"In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction of whether the evidence likely would have changed the outcome of a trial." *Commonwealth v. Mallory,* 596 Pa. 172, 199-200, 941 A.2d 686, 703 (2008) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 366 (1985)).

Here, defense counsel's decision to not subpoena the residents of 640 and 644 East Chestnut Street did not prejudice defendant. The court notes that even if defense counsel had subpoenaed the individuals in question and they appeared at trial, defendant has failed to indicate the substance of this testimony or how such unknown testimony would exculpate him given the hand-to-hand drug transactions that defendant had with an undercover officer on two separate occasions. Accordingly, defendant

has failed to establish that he was prejudiced as a result of defense counsel's decision.

Based on the record before it, the court concludes that defendant has failed to establish the elements of an ineffective assistance of counsel claim which would entitle him to relief.

Defendant's guilty plea was also knowing, voluntary and intelligent. Given that defendant's attorney was ready and actually did proceed to trial before defendant chose to plead guilty, there is no merit to defendant's contention that he entered into a guilty plea solely because his counsel was unprepared to represent him.

In determining whether a plea is entered into voluntarily and understandingly, a trial court must conduct an inquiry on the record which at a minimum addresses the following six issues: "(1) whether the defendant understands the nature of the charges to which he is pleading; (2) whether there is a factual basis for the plea; (3) whether the defendant understands that he has a right to a jury trial; (4) whether the defendant understands that he is . . . innocent until [proven] guilty; (5) whether the defendant is aware of the permissible range of sentences for the offenses charged; and (6) whether the defendant [understands] that the judge is not bound by the terms of the plea agreement unless he or she accepts the agreement." *Commonwealth v. Jefferson,* 777 A.2d 1104, 1107 (Pa. Super. 2001).

The court conducted an appropriate guilty plea colloquy. The court verified defendant's identity, informed defendant of the maximum sentences on both counts of delivering a controlled substance and defendant stated he understood. (N.T. Oct. 3, 2007, at 70-73.) The court informed defendant that the Commonwealth was invok-

ing the two-year school zone mandatory minimum sentence for each offense, but because these current deliveries were second or subsequent convictions, the mandatory minimum sentence would be three years for Count one and five years for Count two. (*Id.* at 73.) Defendant stated he understood. (*Id.*) The court explained the elements of the offenses and defendant stated he understood the elements. (*Id.* at 74-75.) Defendant was advised that he was not required to plead guilty to the charges and that he could proceed with a jury trial. (*Id.* at 76.) The court provided an explanation of what a jury trial consists of and that all 12 jurors would have to agree in order for him to be found guilty. (*Id.* at 77.) The court also informed defendant that he is presumed innocent and that he would remain innocent until the Commonwealth could prove him guilty beyond a reasonable doubt. (*Id.* at 76.) Defendant stated he understood these rights. (*Id.* at 76-77.)

The court reviewed and explained the sentencing guidelines to defendant. (*Id. at* 81-82.) Defendant stated he understood the guidelines. (*Id.* at 82.) The court asked defendant if he had reviewed the guilty plea colloquy and whether he understood the rights set forth in the colloquy. (*Id.* at 83; see Commw. exhibits 1-2.) Defendant stated he reviewed the form and that he understood the rights in the colloquy. (*Id.* at 83.)

The factual basis for the guilty plea was placed on the record. (*Id.* at 74-75.) Defendant admitted he committed the offenses with which he was charged. (*Id.* at 85.)

A criminal defendant who decides to plead guilty has a duty to answer questions truthfully. *Commonwealth v. Cortino,* 387 Pa. Super. 210, 216, 563 A.2d 1259, 1262 (1989). "Where the record clearly demonstrates that a

guilty plea colloquy is conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Commonwealth v. Lewis,* 430 Pa. Super. 336, 341, 634 A.2d 633, 635 (1993). Where defendant indicates that he understands that he is waiving his right to trial and still wishes to plead guilty after the court conducts a colloquy, as here, defendant cannot now claim that the guilty plea was entered into involuntarily, was false, or that he is entitled to post-conviction collateral relief as a result. *Id.* at 341, 634 A.2d at 636 (citing *Commonwealth v. Mitchell,* 319 Pa. Super. 170, 465 A.2d 1284 (1983)).

Based on the record before it, the court concludes that defendant has failed to establish that his guilty plea was not knowing, voluntary and intelligent.

Accordingly, the court enters the following:

ORDER

And now, December 18, 2008, upon consideration of the amended petition for post-conviction collateral relief, it is ordered that the amended petition is denied.