**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JON K. TAYLOR, | |
| Appellant | No. 1744 MDA 2014 |

Appeal from the PCRA Order entered September 17, 2014,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0001617-2012

BEFORE:  ALLEN, LAZARUS, and PLATT,* JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JUNE 26, 2015**

Jon K. Taylor ("Appellant") appeals from the order denying his petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  In addition, PCRA counsel has filed an application to withdraw.  We affirm.

The pertinent facts and procedural history are as follows:  The Commonwealth charged Appellant at four different docket numbers with multiple crimes, including burglary, theft and robbery.  These charges stemmed from Appellant's crime spree during January of 2012.  During this period, Appellant burglarized two churches, and robbed two convenience stores.  On November 16, 2012, Appellant entered a negotiated guilty plea at all four docket numbers, and that same day the trial court sentenced

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant to the negotiated aggregate term of ten to twenty years of imprisonment. Appellant did not file a direct appeal.

On August 1, 2013, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel to represent him. PCRA counsel filed an amended PCRA petition on December 6, 2013, in which Appellant raised several claims, including two claims of ineffective assistance of trial counsel. Namely, that trial counsel's ineffectiveness caused Appellant to enter an unknowing plea, and that trial counsel was ineffective for failing to file a motion to suppress Appellant's confession. On March 6, 2014, the PCRA court held an evidentiary hearing, at which Appellant and trial counsel testified. At the conclusion of the PCRA hearing, the PCRA court directed the parties to file briefs. By order entered September 17, 2014, the PCRA court denied Appellant's amended PCRA petition. Appellant filed this timely appeal. The PCRA court did not require Pa.R.A.P. 1925 compliance.

In lieu of an advocate's brief, Appellant's counsel has filed a "***Finley*** Brief" and an application to withdraw. Although the decisions in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), only require Appellant's counsel to file a no-merit letter, we will assess counsel's assertion that the issues Appellant wishes to raise have no merit under a ***Turner***/***Finley*** analysis.

This Court has recently explained:

> The ***Turner***/***Finley*** decisions provide the manner for [PCRA] counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, ***see Turner***, ***supra***, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. . . .
>
> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. . . .

***Commonwealth v. Reed***, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted).

Here, counsel has substantially complied with the mandates of ***Turner*** and ***Finley***, as summarized in ***Reed***, ***supra***. "Accordingly, we will proceed with our independent review of the questions presented to determine if counsel correctly concluded that the issues raised had no merit." ***Reed***, 107 A.3d at 141.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA

- 3 -

court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant's first claim of trial counsel's ineffectiveness involves Appellant's decision to plead guilty. When asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. ***Commonwealth v. Johnson***, 875 A.2d 328, 331 (Pa. Super. 2005). This Court has observed:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes ***the*** significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

***Commonwealth v. Flood***, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations omitted).

We have further explained:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> *     *     *
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

* * *

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

The PCRA court explained its reasons for rejecting Appellant's ineffectiveness claim relative to his guilty plea as follows:

In the instant case, the Court is hard-pressed to find a way in which [Appellant] could possibly believe his sentence was anything other than what was ordered. At the PCRA hearing [trial counsel] stated that he spoke with [Appellant] prior to the day of sentencing regarding the terms of the agreement. [N.T., 3/6/14, at 14]. [Trial counsel] even recalls [Appellant's] request he try to counter with an offer of nine years; tending to show [Appellant] was well aware of the ten year minimum which the Commonwealth was offering. [N.T., 3/6/14, at 8-9]. Additional evidence of [Appellant's] knowledge of the terms comes in the form of the plea agreement forms themselves. As stated previously, each of the four forms outlined the aggregate terms of sentence, each form was signed just below by [Appellant]. *See* Comm. Ex. 1-4.

Appellant contends that even though he signed the plea forms, he still "had questions," and "thought it would all be taken care of in the courtroom." [N.T., 3/16/14, at 29]. If [Appellant] had any questions as to his sentence, the courtroom dialogue should only have cemented his understanding that the terms of incarceration were for a period of ten to 20 years. [N.T., 11/16/12, at 14-15]. A review of the guilty plea transcript shows that the aggregate term of [Appellant's] sentence is stated on the record seven separate times throughout the oral colloquy. [N.T., 3/6/14, at 2-5, 12, 15]. Despite this, [Appellant] never once questions the terms of the agreement[.] [I]n

- 6 -

contrast, [Appellant] acknowledges that the negotiated terms were precisely those which he now contends are wrong:

> "Court: You heard the terms of the plea agreement and basically it all adds up that you have to do at least ten and not more than 20 years in the State Correctional Institution; do you understand that?
>
> [Appellant]: Yes, Sir." [N.T., 3/6/14, at 5.]

A [d]efendant has a duty to answer questions posed by the court truthfully during a guilty plea hearing. **Commonwealth v. Lewis**, 634 A.2d 633 (Pa. Super. 1993). When [Appellant] addressed the court at sentencing, he did not ask for clarification of the plea, nor did he ask any questions regarding specifically how much time the agreement called on him to serve. Rather, at the conclusion of sentencing [Appellant] stated the following:

> "Anything I say can't justify the actions that I took those following days threatening those people's lives. But I'm hoping that this opportunity will give me a chance to take a step forward and try to become a productive citizen of society." [N.T.. 11/16/12, at 13.]

> The law does not require that a defendant be pleased with the outcome of his decision. All that is required is that the defendant's decision to plead guilty be knowingly, voluntarily and intelligently made. **Commonwealth v. Myers**, [642 A.2d 1103, 1105 (Pa. Super. 1994)]. It is the opinion of this Court that while [Appellant] may not be currently pleased with his decision[,] [Appellant] was fully informed as to the terms of the agreement on the day of the plea. Knowing full well the terms of the agreement, and the charges lodged against him, [Appellant] knowingly, voluntarily, and intelligently entered into the negotiated plea deal.

PCRA Court Opinion, 9/17/14, at 7-9 (unnumbered).

Our review of Appellant's written and oral colloquies establish the validity of his guilty plea. Moreover, in denying relief, the PCRA court

credited the testimony of trial counsel over the testimony and other allegations made by Appellant at the evidentiary hearing. We cannot disturb this determination. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court). Thus, we agree with PCRA counsel that Appellant's first ineffectiveness claim lacks merit.

In his second claim, Appellant asserts that trial counsel was ineffective for failing to pursue the suppression of his confession. "When . . . an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." *Commonwealth v. Carelli*, 546 A.2d 1185, 1189 (Pa. Super. 1988) (citations omitted).

The PCRA court concluded that Appellant did not establish his claim of ineffectiveness:

> Assuming arguendo that . . . [Appellant's] motion to suppress is supported by some form of meritorious grounds, [Appellant] still fails to establish ineffective assistance for two reasons[:] 1) [Appellant] fails to prove that trial counsel's decision was not supported by a reasonable basis; and 2) [Appellant] fails to show that a different outcome would be reached had the statement been suppressed. *See Commonwealth v. Wallace*, [724 A.2d 916 (Pa. 1999].
>
> During the PCRA hearing, [trial counsel] laid out specific reasons supporting his decision not to file a motion to suppress. [N.T., 3/6/14, at 7]. For one, [trial counsel] stated that early on in his representation [he and Appellant] agreed that a "package deal," negotiation was

the best option. *Id.* Being able to consolidate and negotiate all four dockets allowed [Appellant] to secure a "benefit for the bargain" that would not be available in negotiating each felony on its own. *Id.* When entertaining the issue of suppression, [trial counsel] weighed the pros and cons of filing the motion. [N.T., 3/6/14, at 9]. While on the stand [trial counsel] voiced his concerns that filing the motion may jeopardize a potential plea offer. Weighing the thought of not getting a plea offer against the slim chance [Appellant's] motion [would be] granted, [trial counsel] made the decision not to file the motion. Such a decision is perfectly supported by the circumstances surrounding the case. Calling upon his 17 years of practice, [trial counsel] made the decision he felt was in the best interest of his client. [N.T., 3/6/14, at 10]. His decision was certainly reasonable given [Appellant's sentencing] exposure under the guidelines. Accordingly, this Court finds that [trial counsel] had a reasonable basis to support the strategy implemented in this case. [N.T., 3/6/14, at 23].

\*\*\*

[Appellant also] fails in the instant case to show a "resulting prejudice" from [trial counsel's] decision not to file a motion to suppress. . . . [Appellant] asserts that his statement was a "key point to this case." [N.T., 3/6/14, at 31]. A parsing of the discovery reveals that the statement may have been a piece of evidence in the case, but it was by no measure the only smoking gun at the prosecution[']s disposal.

Throughout their investigation Detectives collected a litany of physical and testimonial evidence implicating [Appellant] in the aforementioned felonies. Within the pages of discovery Officers were able to locate multiple eye-witnesses identifying either [Appellant], or his automobile, at the scene of the crime. There was additional evidence from anonymous callers that [Appellant] was bragging about his robbery conquests[,] and selling the stolen goods to local neighbors. Lastly and most condemning was the search of [Appellant's] residence. Inside Officers found both instrumentalities used in committing the crimes, as well as a number of actual items taken from the victims. Thus, trial counsel's

> proposed "failure" had no prejudicial effect on the outcome of this case. Excluding [Appellant's] statement altogether, the Commonwealth still had overwhelming evidence tying [Appellant] to the aforementioned felonies.

PCRA Court Opinion, 9/17/14, at 8-10 (unnumbered) (citations to the record omitted).

Our review of the record supports the PCRA court's conclusions. The PCRA court credited trial counsel's testimony that a suppression motion would not have been successful and its filing may have harmed the plea negotiation process. Once again, we cannot disturb the PCRA court's determination. **Battle**, **supra**.

In sum, we have reviewed the record, including the notes of testimony from the PCRA hearing, and agree with PCRA counsel's determination that Appellant's ineffectiveness claims are without merit. Additionally, our independent review of the record reveals that Appellant's PCRA petition is meritless. **Reed**, **supra**. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief, and grant counsel's application to withdraw.

Order affirmed. Application to Withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015

- 10 -