J. S91015/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIC JAMAR HOUSE, | : | No. 917 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 2, 2015,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0001459-2013

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED FEBRUARY 21, 2017**

Eric Jamar House appeals, ***pro se***, from the order entered in the Court of Common Pleas of Dauphin County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").

Following a jury trial, appellant was convicted of the following crimes: flight to avoid apprehension, resisting arrest, disorderly conduct, and false identification to law enforcement.[1]  On August 28, 2014, the trial court sentenced appellant to a term of 9 to 18 months for flight to avoid apprehension consecutive to a term of 7 to 14 months for resisting arrest for

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5126(a), 18 Pa.C.S.A. § 5104, 18 Pa.C.S.A. § 5503(a)(4), and 18 Pa.C.S.A. § 4914(a), respectively.

an aggregate sentence of 16 to 32 months imprisonment. The trial court also sentenced him to a term of 3 to 6 months for disorderly conduct and a term of 3 to 6 months for false identification concurrent to the other sentences and fined him a total of $500 plus the costs of prosecution.

On September 5, 2014, appellant filed a post-trial motion which was denied on November 25, 2014. Appellant did not file a direct appeal. On March 30, 2015, appellant filed a timely PCRA petition. On April 7, 2015, counsel was appointed. On April 27, 2015, counsel petitioned to withdraw.[2] On April 30, 2015, the PCRA court granted the withdrawal petition. Also, on April 30, 2015, the PCRA court filed notice of its intent to dismiss appellant's PCRA petition, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant filed a response to the Rule 907 notice on June 12, 2015. On September 2, 2015, the PCRA court dismissed appellant's PCRA petition. Appellant timely appealed to this court.

On appeal, appellant raises the following issue for this court's review: "Whether there was abuse of discretion for the [PCRA court] to reconsider the Post-Conviction Petition and the numerous issues for consideration, and also the [PCRA court] undermined the fundamental norms of the PCRA Petition." (Appellant's brief at V.I.)

---

[2] Counsel petitioned to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (**en banc**). In contrast, we review the PCRA court's legal conclusions **de novo**. **Id.**

It is difficult to discern exactly what issue appellant attempts to raise on appeal. A review of the argument section of his brief does not provide much guidance. For the most part, the argument section does not refer to his particular case but simply lists legal propositions. The argument section contains these topics without making any connection to the facts of appellant's case: 1) Ineffective Assistance of Counsel; 2) Obligation of Defense Attorney; 3) Prosecutorial Misconduct; 4) Witness False Testimony; and 5) Under State [sic] Decisis.

Appellant waives these claims because he fails to fully develop any meaningful argument concerning them. **Commonwealth v. Spotz**, 716 A.2d 580, 585 n.5 (Pa. 1998) (petitioner waives undeveloped and/or unclear claims).

J. S91015/16

The remaining claim raised by appellant challenges a discretionary aspect of his sentencing. He appears to argue that the trial court erred when it did not explain on the record why it imposed concurrent and consecutive sentences. Discretionary sentencing claims may not be raised in a PCRA petition. *Commonwealth v. Lewis*, 634 A.2d 633 (Pa.Super. 1993); 42 Pa.C.S.A. § 9543(a)(2)(vii) (only sentencing issue that is subject to PCRA review is whether the sentence imposed is greater than the lawful maximum).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017

- 4 -