J-S52015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GALINA RYTSAR | : | |
| | : | |
| Appellant | : | No. 405 EDA 2019 |

Appeal from the PCRA Order Entered December 13, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005761-2015

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 27, 2019**

Galina Rytsar appeals, *pro se*,[1] from the order entered on December 13, 2018, in the Court of Common Pleas of Bucks County, denying her relief, without a hearing, on her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Rytsar raises a number of claims of ineffective assistance of counsel, only one of which is immediately relevant. Rytsar claims trial counsel was ineffective for failing to file a direct appeal despite her request to do so.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we reverse and remand for a hearing to determine whether Rytsar requested counsel to file a direct appeal.

_____

[1] Counsel was allowed to withdraw from representation after filing a **Turner/Finley** no-merit letter with the PCRA court.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).

We rely upon the PCRA court's opinion for the underlying factual and procedural history of this matter.

> In the summer of 2015, the Morrisville Borough Police Department suspected a house of prostitution being operated out of a former hair salon in Morrisville Borough based on information provided by a man who was pulled over immediately after visiting the house. The man stated that he found an advertisement for the house of prostitution on backpage.com. Following this information and after finding the advertisement on backpage.com, a police officer went undercover to solicit business for an act of prostitution on two separate occasion[s] in June of 2015. The police officer called the phone number associated with the advertisements which was later determined to be the number of [Rytsar's] cell phone. A search warrant was issued for the Morrisville location and on the date of execution, a young woman working for [Rytsar] was interviewed. She stated that she had worked for [Rytsar] for approximately four years and had previously worked in New Jersey for [Rytsar] doing prostitution work. The young woman told police that [Rytsar] and her husband had another house of prostitution in Warminster, Bucks County. While the house was being investigated in Morrisville and the police learned of the Warminster house, [Rytsar] and her husband reopened the business in Morrisville and began recruiting additional women to work out of that location.
>
> On February 22, 2016, [Rytsar] entered into an open guilty plea in which [Rytsar] pleaded guilty to Promoting Prostitution, Criminal Conspiracy, and Criminal Use of a Communication Facility. Sentencing was deferred and on August 31, 2016, [Rytsar] was sentenced to an incarceration of three (3) to ten (10) years and a concurrent probation of ten (10) years.
>
> On September 7, 2016, [Rytsar] filed a motion for reconsideration of sentence. On September 16, 2016, this Court denied a hearing on [Rytsar's] motion for reconsideration of sentence.
>
> On June 19, 2017, [Rytsar] filed a Post-Conviction Relief Act (PCRA) Petition. This Court appointed private counsel. On June 14, 2018, appointed counsel filed a petition to withdraw as counsel due to lack of meritorious issues. Attached to this petition was the letter that appointed counsel sent to [Rytsar] pursuant to

> ***Commonwealth v. Finley***, 550 A.2d 213 (1998). On June 19, 2018, this Court granted appointed counsel's motion to withdraw as counsel.
>
> On August 16, 2018, this Court filed a notice of intent to dismiss. On that same day, a letter from [Rytsar] was delivered to the Clerk of Courts of Bucks County asking for an update on the status of her PCRA petition.
>
> On August 17, 2018, this Court scheduled a hearing for October 11, 2018. On August 30, 2017, another letter from [Rytsar] was delivered to the Clerk of Courts of Bucks County requesting information on whether she should respond to the notice of intent to dismiss or wait until the upcoming hearing. The hearing scheduled on October 11, 2018, was continued until October 25, 2018, because of [Rytsar's] need of a translator. On October 29, 2018, this Court entered an order denying application for assignment of counsel.
>
> On November 19, 2018, this Court entered another notice of intent to dismiss. On December 13, 2018, this Court dismissed [Rytsar's] PCRA petition. On December 20, 2018, [Rytsar] filed an untimely response to our Notice of Intent to Dismiss issued on November 19, 2018. January 4, 2019, [Rytsar] filed a supplemental PCRA petition alleging new PCRA claims such as the impossibility of a fair trial due to pre-trial publicity and the insufficiency of Russian translations during proceedings and by counsel.
>
> On January 14, 2019, [Rytsar] entered a notice of appeal to the Superior Court of Pennsylvania appealing the denial of her PCRA petition. On February 21, 2019, this Court issued an [o]rder requiring [Rytsar] to file a concise statement of errors complained of on appeal. [Rytsar] filed her timely concise statement on March 4, 2019.

PCRA Court Opinion, 5/9/2019, at 1-3.

Although Rytsar has raised a number of issues in this appeal, we need address only one, specifically, Rytsar's claim that trial counsel was ineffective for failing to file a direct appeal after she had requested counsel to do so. This

issue was raised both in Rytsar's PCRA petition and in her Pa.R.A.P. 1925(b) statement. Both the trial court and the Commonwealth assert that because none of her other issues are meritorious, counsel was not ineffective for failing to file the direct appeal. The Commonwealth cited **Commonwealth v. Lewis**, 634 A.2d 633 (Pa. Super. 1993), which states: "counsel is not ineffective for failing to file a frivolous appeal which would have been dismissed by this court." **Lewis**, 634 A.2d at 637.[2, 3]

In 1999, our Supreme Court determined that an unjustified failure by counsel to file a requested direct appeal constitutes prejudice for PCRA purposes. Where "the remaining PCRA requirements are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." **See Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999). However, the mere allegation that counsel failed to file a requested appeal is insufficient to trigger the application of **Lantzy**. Rather, the petitioner must plead and prove that such a request was made and ignored. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999).

---

[2] The PCRA court cited no case law for this proposition.

[3] We note that Westlaw indicates **Lewis** has been abrogated by **Commonwealth v. Watson**, 835 A.2d 786 (Pa. Super. 2003). However, this refers to Lewis's claim regarding his PCRA challenge to the discretionary aspects of his sentence and the denial of that claim based upon the application of 42 Pa.C.S. § 9543(a)(2)(ii), which is not at issue here.

Turning to the present matter, while Rytsar has pled the issue, she cannot prove her claim without a hearing, as the certified record is devoid of any specific reference to the claim.[4]  Therefore, pursuant to **Lantzy** and **Harmon**, we must reverse the order of December 13, 2018, denying Rytsar relief and remand for a hearing on the issue of counsel's alleged failure to file a direct appeal upon request.[5]

Order reversed.  This case is remanded for action consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/19

---

[4] Appointed counsel's no-merit letter makes no specific reference to any of Rytsar's claims, including the allegation that counsel improperly failed to file a direct appeal.

[5] We are aware of footnote 8 in **Lantzy** that states the holding is not meant to affect the "substantial body of case law which concerns the circumstance in which a defendant seeks to pursue frivolous claims on appeal".  **Lantzy**, 736 A.2d at 572 n. 8.  We believe this footnote allows counsel to continue the practice of filing an **Anders** brief on direct appeal. It makes no sense for the Supreme Court to hold that when counsel has failed to file a direct appeal, the petitioner need not demonstrate the merits of the issues which would have been raised, unless those issues were non-meritorious.  This is essentially what the Commonwealth's interpretation of **Lewis** allows, and such an interpretation would have the footnote swallow the holding.